**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50566 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00713-DDP-1 |
| v. | |
| HAYEL ABDALLAH ALI JABER, AKA Hayel A. Jaber, AKA Heyel Jaber, AKA Hayel A. A. Jaber, AKA Tony Jaber, AKA Hayel Jabar, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted July 16, 2010[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: FARRIS and SILVERMAN, Circuit Judges, and ROBART, District Judge.[***]

Defendant Hayel Jaber appeals the district court's denial of his motion to withdraw his guilty plea and its entry of a judicial order of removal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jaber first argues that the district court applied an incorrect legal standard in ruling on his motion to withdraw, or alternatively, that the court abused its discretion in its application of the correct standard. The record demonstrates the contrary. The district court explicitly cited Federal Rule of Criminal Procedure 11 and the "fair and just reason" line of cases. Following an evidentiary hearing, the court found that Jaber's attorney did indeed adequately investigate the case and gave sufficient advice about both the possible defenses to deportation and the criminal charges. The court thus found no fair and just reason to permit the guilty plea to be withdrawn. The court also found that Jaber's guilty plea was knowing and voluntary, but it did not confuse the standard for the validity of a plea with the standard for withdrawing a plea. The district court did not clearly err in any of its factual findings or abuse its discretion in denying the motion to withdraw the plea.

---

[***] The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

Secondly, Jaber argues that the district court did not have jurisdiction to enter a judicial order of removal because the government furnished the district court, without objection, only an unsigned copy of the concurrence of the Assistant Secretary of Immigration and Customs Enforcement. We review de novo whether the district court had jurisdiction. *See United States v. Holler*, 411 F.3d 1061, 1064 (9th Cir. 2005). Section 1228(c)(5) of Title 8 of the United States Code permits the U.S. Attorney, with the concurrence of the Immigration Commissioner[1], to enter into a plea agreement calling for an order of judicial removal. However, the statute does not require that the concurrence be in writing, much less that it be signed or filed with the court. *Cf.* 8 U.S.C. § 1228(c)(2)(A) ("The United States Attorney shall file with the United States district court . . . a notice of intent to request judicial removal); 8 U.S.C. § 1228(c)(2)(B) ("[T]he United States Attorney . . . shall file . . . a charge containing factual allegations regarding the alienage of the defendant"). The unsigned concurrence and the government's averment that it had obtained a signed concurrence sufficiently establish ICE's concurrence under the statute. There was no objection to the form or content of the concurrence, or

[1]Section 1101(a)(8) of Title 8 of the United States Code defines "Commissioner" as "the Commissioner of Immigration and Naturalization." On March 1, 2003, the Immigration and Naturalization Service ceased to exist and its functions were transferred to the Bureau of Immigration and Customs Enforcement. *Kawashima v. Holder*, 593 F.3d 979, 982 n.2 (9th Cir. 2010).

any suggestion that the concurrence had not been obtained. The district court did not lack jurisdiction to enter the judicial order of removal.

AFFIRMED.